IN THE MATTER OF THE APPLICATION OF THE LEHIGH VALLEY RAILROAD COMPANY FOR A SUMMARY DETERMINATION AS TO CERTAIN PROPERTY ASSESSED BY PHILLIPSBURGH, AND ALSO BY THE STATE BOARD OF ASSESSORS.

Argued November 6, 1903—Decided June 13, 1904.

Under the sixth section of "An act to revise and amend 'An act for the taxation of railroad and canal property,' approved April tenth, one thousand eight hundred and eighty-four," which latter act was approved March 27th, 1888 (*Pamph. L.*, *p.* 269), the property of a foreign railroad corporation in this state which leases or operates the property of a domestic railroad or canal company other than that which it derives from the lessor, is assessable in like manner as that of a domestic railroad or canal company.

---

On *certiorari.*

Before Justices FORT, GARRETSON and PITNEY.

For the Lehigh Valley Railroad, *Smith & Brady.*

For Phillipsburgh, *John I. B. Reiley.*

For the state, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GARRETSON, J. ° By an order of the chief justice three justices of the Supreme Court were assigned to determine,

in a summary way, the character of certain property in the town of Phillipsburgh, and whether used for railroad or canal purposes, and by which assessors—the state board of assessors or the assessor of the town of Phillipsburgh—the same has been lawfully assessed for taxes for the years 1901, 1902, 1903, and to direct the cancellation or reduction of either assessment as the character of the property may require, and to make such order as to the return to the taxpayer of any tax, or any portion thereof, that may have been paid to the state or to the inhabitants of the town of Phillipsburgh as shall be deemed just.

It appears from the stipulation of the parties that the property in question is a part of a railroad bridge over the Delaware river at Phillipsburgh, belonging to the Lehigh Valley Railroad Company, and the assessor of the first ward of Phillipsburgh assessed it for the years 1901, 1902, 1903 as the property of that company. The state board of assessors assessed the same property as part of the main stem of the Easton and Amboy Railroad Company. The bridge in question was built by a railroad corporation of Pennsylvania by permission of the State of New Jersey, which corporation afterwards became the Lehigh Valley Railroad Company, also a Pennsylvania corporation. In the case of *Lehigh Valley Railroad Co.* v. *Mutchler,* 13 *Vroom* 461, in 1880, the taxability of this very property was in question, and it was there held that so much of this property as belonged to the Lehigh Valley Railroad Company was taxable by the local authorities, because the acts of April 2d, 1873, and April 13th, 1876, which provided for the taxation of railroad companies, applied only to domestic corporations. In 1884 (*Pamph. L., p.* 142) the legislature enacted "An act for the taxation of railroad and canal property," by the ninth section of which act it is provided "that if the property of any railroad or canal company be leased or operated by any other corporation, foreign or domestic, the property of the lessor, or company whose property is operated, shall be subject to taxation in the manner hereinbefore directed, and if the

lessee or operating company, being a foreign corporation, be the owner or possessor of any property in this state other than that which it derives from the lessor or company whose property is operated, it shall be assessed in respect of such property in like manner as any domestic railroad or canal company."

This appears in the same language as part of section 6 of "An act to revise or amend 'An act for the taxation of railroad and canal property,'" approved April 10th, 1884. *Pamph. L.* 1888, *p.* 269.

It further appears from the stipulation that the Lehigh Valley Railroad Company, a foreign corporation, is the lessee of the Morris Canal and Banking Company, a New Jersey corporation, by consent of the State of New Jersey, and operates the Morris canal. The property of the Morris canal is taxable under the foregoing acts. We then have the precise situation set out in the statute, viz., a foreign corporation lessee of the property of a domestic corporation, whose property is operated by the foreign corporation, and such lessee or operating company, so being a foreign corporation, the owner of property in this state other than that which it derives from its lessor, and therefore liable to be taxed in like manner as a domestic railroad corporation.

The result is that we determine that the property in question was property assessable by the state board of assessors for the years 1901, 1902, 1903; that the assessment of that property by the assessor of the town of Phillipsburgh for those years should be set aside, and that the taxes paid by the Lehigh Valley Railroad Company to the town of Phillipsburgh upon the property in question for the year 1901 be returned by the town of Phillipsburgh to the Lehigh Valley Railroad Company.